UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

**Scott Gazelle**

    v.                                                          Case No. 1:25-cv-283-PB-AJ
                                                                  Opinion No. 2026 DNH 008

**Donna T. Gazelle, et al.**

## MEMORANDUM AND ORDER

This case arises from a dispute among family members over the administration of a trust. Harry Gazelle created the trust on June 14, 1993. Doc. 1-1 at 2. The trust became irrevocable when Harry died on December 11, 2020. See Doc. 1 at 3. Harry's son, Scott, is a beneficiary of the trust. See Doc. 1-1 at 7. He has sued his mother, Donna, and sister, Wendy, in their capacities as trustees. Doc. 1 at 1. Although Scott seeks multiple types of relief, all of his claims are based on his contention that Donna and Wendy are failing to fulfill their duties as trustees. See id. at 5-10. Donna and Wendy have responded with a motion to dismiss contending that the Court lacks subject matter jurisdiction because this case is subject to the "probate exception" to diversity jurisdiction. See Doc. 4 at 1.

The probate exception is "distinctly limited." Marshall v. Marshall, 547 U.S. 293, 310 (2006). It applies only to claims that involve (1) "the probate or annulment of a will," (2) "the administration of a decedent's estate," or (3) an

"endeavor[] to dispose of property that is in the custody of a state probate court." Glassie v. Doucette, 55 F.4th 58, 65 (1st Cir. 2022) (citing id. at 311-12).

None of these circumstances are present here. First, this case does not involve the probate or annulment of a will because Scott only challenges the defendants' management of the trust. Second, the dispute will not affect the administration of Harry's estate because the only property at issue is trust property independent of the estate. Finally, I have no reason to believe that the resolution of this case will impact any property in the custody of the state probate court because the defendants do not claim that the probate court has taken custody of the trust property.

The defendants nevertheless argue that the probate exception should be expanded to cover inter vivos trusts because they are often used as will substitutes. Courts that have addressed this issue since Marshall are split. Although some courts have applied the exception to inter vivos trusts even when the probate court has not taken custody of the trust property, see, e.g., Cagle v. Sattler, 2024 WL 2834063, at *2 (D. Or. June 3, 2024) (collecting cases), I am persuaded by other decisions that have reached the opposite conclusion. See Curtis v. Brunsting, 704 F.3d 406, 409-10 (5th Cir. 2013); Cadwell v. Citibank, N.A., 2024 WL 691480, at *2 (S.D.N.Y. Feb. 20, 2024); Slick v. Slane, 2021 WL 3377841, at *3 (C.D. Ill. Aug. 3, 2021); Kiser v. Olsen,

2

2015 WL 507496, at *4 (S.D. Ohio Feb. 6, 2015); Oliver v. Hines, 943 F. Supp. 2d 634, 638 (E.D. Va. 2013). Here, although the New Hampshire legislature has given the state's probate courts exclusive jurisdiction over trust disputes, see N.H. Rev. Stat. Ann. § 547:3, the probate exception nonetheless does not apply because defendants do not allege that the trust property is under control of a state court.

The defendants also contend that I should apply the exception here because state probate courts have greater institutional competence than federal courts to resolve trust disputes. Such pragmatic considerations, however, cannot by themselves sustain the defendants' argument. As other courts have noted, the probate exception "exists because it was understood in 1789 that suits in law and equity did not encompass proceedings committed exclusively to the ecclesiastical courts of England." Kiser, 2015 WL 507496, at *4; see also Markham v. Allen, 326 U.S. 490, 494 (1946). The defendants do not present any historical evidence to support their proposal to extend the exception to inter vivos trusts. Without such evidence, pragmatic arguments are not sufficient to justify their proposed expansion of the exception.

As the Supreme Court reminded us in Marshall, "it is most true that this Court will not take jurisdiction if it should not: but it is equally true, that it must take jurisdiction if it should. . . . We have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given."

3

547 U.S. at 298-99 (alteration in original) (quoting Cohens v. Virginia, 19 U.S. (6 Wheat.) 264, 404 (1821)). Because this Court has diversity jurisdiction over this dispute, the defendants' motion to dismiss (Doc. 4) is denied.

SO ORDERED.

/s/ Paul J. Barbadoro
Paul J. Barbadoro
United States District Judge

January 21, 2026

cc:    Counsel of Record

4